## WALKER v. KYNETT.

*Appeal from Des Moines District Court — Friday, October* 10.

FRAUDULENT CONVEYANCE.

ACTION in chancery to set aside a certain deed for fifteen acres of land, made by Joseph Patterson to defendant, Rebecca Kynett, on the ground that it was fraudulently made for the purpose of defeating the creditors of Patterson and to quiet the title of plaintiff in the same property, acquired through a sheriff's deed and sale upon a judgment against Patterson. Other facts of the case appear in the opinion. There was a decree dismissing plaintiff's petition, from which he appeals.

*Stutsman & Truelock* for the appellant — *M. D. & H. O. Browning* for the appellee.

BECK, Ch. J. — The decision of this case turns exclusively upon questions of fact, and these are few, and involved in no conflict of evidence.

The defendant, Rebecca Kynett (the other defendant being her husband), is the daughter of Joseph Patterson, the other party to the transaction and conveyance alleged to be fraudulent. April 25, 1866, Patterson executed a bond for a deed of the lands in question, obligating himself to convey the same upon receiving payment of $200. A deed was by him executed, December 29, 1869, in compliance with the obligation of the bond. April 20, 1866, a judgment was recovered before a justice of the peace against Patterson, and a transcript thereof filed in the clerk's office ten days afterward. The land in controversy was sold on this judgment October 28, 1866, and a sheriff's deed was made January 5, 1869, to plaintiff, who had purchased the sheriff's certificate of sale.

Plaintiff claims that the transaction between the father and daughter was without consideration, and that she in fact paid nothing for the land, and that the deed being voluntary, is fraudulent and void as to plaintiff. Here is presented the sole, or, at least, controlling question of the case.

The father and daughter both positively testify that the land was conveyed to her in good faith for a valuable consideration arising in this way : After she became of age her parents agreed to pay her for her labor if she would stay with and serve them, and in pursuance of such agreement her father became indebted to her. In satisfaction of this debt he sold her the land and received in payment of a balance of the price $20 in money, and further services of defendant. The price paid was $200. It does not appear that this was not equal to the real value of the land. The testimony of these parties, the father and daughter, to the good faith of the transaction and its actual occurrence, is direct and positive, and the transaction itself and payment for the land are fixed by them as having taken place before the judgment under which plaintiff claims title. To overcome this evidence plaintiff relies upon the following facts : The bond recites that the consideration is to be paid by the daughter; that is, she agrees to pay within eighteen

months $200 for the land. Both daughter and father refer to this bond as a deed, and state positively that no payment was made after it was executed. Plaintiff, upon the evidence, insists that there could have been no payment at any time, for the bond is evidence that no payment was made before it was executed, and the witnesses unite in the statement that none was made after. But they also agree that payment was made before the bond was executed. The recital of the bond is capable of explanation, and this is done by the concurring evidence of the parties thereto. If we are to be guarded thereby, and we do not see how we can escape it, we must hold that the daughter in good faith bought and paid for the land.

Criticism is made upon the evidence of these parties, intended to affect its credibility. They both refer to the bond as a deed, and so call it, and both state that no other deed was made. In this they are clearly mistaken. We cannot conclude that in this they intentionally swear falsely. The fact of the existence of the two papers, the bond and subsequent deed, would not prejudice their case, and their statement, as made, could not benefit them. There seems to be no motive for a falsehood. It is true that the mistake impeaches their memories, but we would hardly be justified in disregarding the evidence of a witness altogether upon a particular point because of one mistake of fact. This might be done if there was any other ground of doubting his accuracy. That is not the case here. The only evidence as to the time of payment is the recital of the bond. This will not justify the disregard of the concurring evidence of two witnesses, even though they be of infirm memory.

But there are other considerations which have weight with us. The parties are ignorant; the father it appears is unable to write his name. The writings were prepared for them by others. It is quite natural that the contents and character of these writings as well as the very fact of their execution would not be impressed upon their minds as other matters, such things as they well understood and actually performed. They too may have not fully understood the purport of these instruments, and for this reason the recitals of the bond may not have been correctly drawn.

Then again the transaction, to our minds, hardly has the impress of fraud. Dishonest sales and conveyances are usually more systematically and completely done; the formal requirements of the law to vest at once a title, are usually observed, and care is usually taken to have it regular. In these respects the transaction in question differs from fraudulent sales as they are commonly discovered.

Other circumstances, as the statements and declarations of the husband and father, are relied upon to sustain plaintiff's theory. They are of little weight and do not, to our minds, when considered with the other evidence, establish the *mala fides* of the transaction. The discussion or even statement of this evidence is not rendered necessary by its importance.

The decree of the district court is

Affirmed.